WILSON, Respondent, *v.* CUNNINGHAM and POTTER,
Appellants.

Defendants were owners of a private railroad, constructed by them, and run with machinery under a license from the city councils, through certain streets of San Francisco. The plaintiff claimed damages for injuries done to himself, his horse, and wagon, in a collision with the railroad cars, charging the defendants with negligence. Held, that where the streets of a city are diverted from their ordinary and legitimate uses by special license to a private person for his own benefit, and in the pursuit of a business which involves constant risk and danger, he is bound, in the exercise of such right to use extraordinary care.

APPEAL from the Fourth Judicial District.

The plaintiff complained that the defendants were engaged in running cars by machinery along Battery Street in the city of San Francisco, and across Bush Street in the same city, upon a railroad, and for their own purposes, and that plaintiff was passing along said Bush Street and across Battery Street with a horse and wagon and divers goods, &c., when the defendants, with their said cars carelessly and negligently came into collision with the said plaintiff and his wagon, &c., at the intersection of Bush with Battery Street aforesaid, with such force and violence that the horse of plaintiff was killed, and his wagon and goods broken and wholly destroyed and lost, and the said plaintiff severely bruised and injured in his body and limbs, to his damage $10,000, and prays judgment, &c.

16

The defendants demurred to the complaint, for insufficiency of cause of action, and severally answered, denying all negligence, carelessness, &c., and averred that plaintiff was driving furiously and carelessly along Bush Street, and ran his wagon, &c., against the cars, without any neglect, &c., on the part of those in charge of the cars, and that the collision was occasioned by the plaintiff's own carelessness, &c., and denies the injury to plaintiff to the amount alleged, or any injury.

The cause was tried by a jury, who found for plaintiff damages $959 50, and the court ordered judgment accordingly.

Several witnesses were examined by the respective parties, but in view of the only point considered by the Supreme Court, it is not necessary to state the testimony. When the evidence was closed, the court below charged the jury :—

"That the defendants had a right to run their cars on the track in question under the state of the pleadings; that the plaintiff, in order to recover, must prove, not only that the injury was not caused by his own negligence, but that it was caused by the negligence of the defendants; that the question of negligence was a question of fact for the jury; that the degree of care required of the defendants was in proportion to the danger incident to the business they were engaged in; that the running of cars on the highway being an extraordinary way of using the public streets, and attended with extraordinary danger to passengers, the defendants were bound to use the utmost care in order to prevent injury to passengers; and it was for the jury to determine from the evidence whether the defendants had used all proper care, &c., in view of the extraordinary nature of the business, and the extraordinary danger incident to it."

Defendants excepted to the charge.

The court was also requested to instruct the jury on several points put by the respective counsel, which, so far as they have any bearing upon the opinion delivered by this court, will be found noted in the arguments of the counsel.

The verdict and judgment were rendered as above, and a new trial having been moved by defendants, and refused, they took this appeal.

No question was raised by the pleadings as to the *right* of the

defendants to run the cars in question ; and it was admitted by the plaintiff, that, previous to the injury complained of, the defendants obtained the right to lay the railroad track, and run the cars, by license from the city council.

*Hallack*, *Peachy*, and *Billings*, for appellants.

The court erred in charging the jury that defendants were bound to use the *utmost* care. Bond v. T. & S. R. R. 8 Barbour, 379, 380 ; 21 Wend. 615.

The court erred in refusing to charge the jury, " That if they were satisfied that defendants were running their cars in the usual manner, and with ordinary care, as they had the right to do by the permission given to them by the Common Council, they cannot be made liable in this action." See the above case, 8 Barb. 379, 380.

The court erred in refusing to charge, " That if it was *doubtful* whether the injury was occasioned by the negligence of the plaintiff, he cannot recover." Logford v. Large, 24 E. C. L. 394.

*Lockwood*, for respondent,
Referred to the charge and views of the District Court.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

In the case of railroads which are permanently established by law as a mode of conveyance, the rule is correctly stated by the respondent's counsel, that the conductors are only required to use the ordinary care pertaining to that description of business. But no reason exists for extending such a rule to the present case. Where the streets of a city, forming, as usual, thronged thoroughfares, are diverted from their ordinary and legitimate uses, by special license, to a private person, for his own benefit, and for the pursuit of a business which involves constant risk and danger, no other rule is consistent with the safety and protection of the community, than that which demands extraordinary care.

Judgment affirmed.